## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**VALENTIN MARES** and **YUDIRIA**
**CHEVAZ**, individually and as parents
and guardians of **EILEEN MARES**, a          **Case No:**
minor child,

        **Plaintiffs,**

v.

**UNITED STATES OF AMERICA,**

        **Defendant.**

_____/

### COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

The Plaintiffs, VALENTIN MARES and YUDIRIA CHAVEZ, individually and as the parents and guardians of EILEEN MARES, a minor child**,** by and through their undersigned attorney, sue the Defendant, UNITED STATES OF AMERICA**,** and allege as follows:

### JURISDICTION, VENUE AND INTRODUCTION

1.     Plaintiffs, VALENTIN MARES and YUDIRIA CHAVEZ, individually and as the parents and guardians of EILEEN MARES, a minor child, bring this complaint against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Section 1346(b).

2.     Formal Notice of this claim was made upon the Defendant, UNITED STATES OF AMERICA, through the Department of Health and Human Services, General Counsel, Claims Office of the Defendant, UNITED STATES OF AMERICA, by submitting Form 95-108 within the Statute of Limitations.  See **Exhibit "A"**, Standard Form 95.

3.      The Plaintiffs have exhausted their claims by filing the required forms with the Defendant and having their claims denied. See **Exhibit "B"**, Denial Letter date May 30, 2017.

4.      The Complaint is being filed within the applicable statute of limitations.

5.      This action seeks damages for physical and cognitive damages suffered by EILEEN MARES as a result of negligent medical care during labor and delivery at Jackson Hospital South on August 30, 2014.

6.      This Court has subject matter jurisdiction over this claim against the UNITED STATES OF AMERICA for money damages pursuant to 28 U.S.C. Section 1346(b).

7.      The acts and/or negligence giving rise to this claim occurred in the Southern District of Florida. Venue is proper under 28 U.S.C. Section 1402(b).

8.      Plaintiffs, VALENTIN MARES and YUDIRIA CHAVEZ, individually and as the parents and guardians of EILEEN MARES, a minor child, at all times relevant hereto are residents of Miami-Dade County, Florida.

9.      Community Health of South Florida, Inc. is a Federal Qualified Health Center located in Miami-Dade County, Florida.

10.      All pre-requisites to filing this Complaint have been timely satisfied.

## PARTIES

11.      Plaintiff VALENTIN MARES is the parent and legal guardian of the minor child, EILEEN MARES and resided in Miami-Dade County, Florida.

12.      Plaintiff YUDIRIA CHAVEZ is the parent and legal guardian of the minor child, EILEEN MARES and resided in Miami-Dade County, Florida.

13.     At all times material hereto, Defendant, UNITED STATES OF AMERICA by Federal statute is responsible under the Federal Torts Claim Act for any negligent acts and omissions of employee, agents and apparent agents of Community Health of South Florida, Inc.

14.     Molrine Andrea Tracey, M.D. was either an employee, agent, or servant of Community Health of South Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

15.     Laurel Gammie McDonald, ARNP was either an employee, agent, or servant of Community Health of South Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

16.     At all times material to this cause of action, other unknown and unnamed medical staff provide care and treatment to YURIDA CHAVEZ and EILEEN MARES, who were the agents, servants, and/or employees of Community Health of South Florida, Inc. and were acting on behalf of Community Health of South Florida, Inc. and were within the course and scope of their agency and under its control.

17.     Defendant UNITED STATES OF AMERICA is sued for EILEEN MARES' personal injuries caused by the negligence or wrongful acts of employees and/or agents of Community Health of South Florida, Inc. Those employees and/or agents were acting within the scope of their office or employment during all times referenced hereto.  Under the circumstances, the UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Florida. *See* 28 U.S.C. Section 1346(b).

## FACTUAL ALLEGATIONS

18.     On August 30, 2014, at approximately 10:30 a.m., YURIDA CHAVEZ, a 25 year old pregnant female, presented to Jackson South Community Hospital at 40 weeks gestation with contractions and labor pain.  Her prenatal history was unremarkable.

19.     YURIDA CHAVEZ's attending physician at that time was documented as Molrine Andrea Tracey, M.D.  Dr. Tracey was either an employee, agent, or servant of Community Health of South Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

20.     YURIDA CHAVEZ's advanced registered nurse practitioner was Laurel Gammie McDonald, ARNP. Nurse McDonald was either an employee, agent, or servant of Community Health of South Florida, Inc., a Federal Qualified Health Center, which is covered under the provisions of the Federal Tort Claims Act.

21.     YURIDA CHAVEZ's fetal monitor strips reflect that her labor stalled, possibly as a result of the size of the baby, EILEEN MARES.

22.     At 5:35 p.m., after 10 hours of labor, YURIDA CHAVEZ's membranes were ruptured and within minutes, the fetal tracings (based on the fetal monitor strips) showed signs of an umbilical cord prolapse pattern.

23.     Despite these tracings, according to the fetal monitor strips, the cord prolapse was not noted by the health care providers until they checked her approximately 10 minutes later.

24.     As a result of the cord prolapse, during the course of labor and delivery, EILEEN MARES demonstrated sustained bradycardia in the 60s and 70s lasting approximately 30 minutes.

25.     Appropriate care was not provided to YURIDA CHAVEZ and EILEEN MARES to prevent the umbilical cord from crushing or collapsing.

26.     No further action was taken by the healthcare providers rending care and treatment to EILEEN MARES to remedy her fetal bradycardia.  These failures resulted in a hypoxic brain injury to EILEEN MARES.

27.     According to the fetal monitor strips, Dr. Tracy did not arrive to perform an emergency Cesarean section until after 8:00 p.m. which caused prolonged and sustained bradycardia to EILEEN MARES.

28.     EILEEN MARES has suffered, and continues to suffer in the future, from severe cognitive damages resulting from the prolonged and sustained bradycardia including, but not limited to, hypoxic injury, hypoxic ischemic encephalopathy, feeding disorder, infantile spasms, acute respiratory failure, cerebral palsy, necessity for G-Tube placement, seizure disorder, developmental delay, blindness, and hearing loss.

## COUNT I NEGLIGENCE

The Plaintiffs adopt and re-allege paragraphs 1 through 28 and further allege:

29.     As a Federal Qualified Health Center, Community Health of South Florida, Inc. is covered under the provisions of the Federal Tort Claims Act.

30.     At all times material to this cause of action, the Defendant, UNITED STATES OF AMERICA, through the medical care providers, including but not limited to Molrine Andrea Tracey, M.D. and Laurel Gammie McDonald, ARNP, at Community Health of South Florida, Inc., a licensed and accredited health center, held themselves out to the public in general and to

VALENTIN MARES and YURIDA CHAVEZ, as parents and guardians of EILEEN MARES, as a health center and providers that were capable of providing the duty and level of care and skill which, under the circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

31.      As a direct and proximate result of the negligent acts and omissions of, Community Health of South Florida, Inc., Molrine Andrea Tracey, M.D., Laurel Gammie McDonald, ARNP, and other unknown medical providers employed and/or agents of Community Health of South Florida, Inc., EILEEN MARES suffered permanent bodily injury, and continues to suffer in the future, from severe cognitive damages including, but not limited to, hypoxic injury, hypoxic ischemic encephalopathy, feeding disorder, infantile spasms, acute respiratory failure, cerebral palsy, necessity for G-Tube placement, seizure disorder, developmental delay, blindness, and hearing loss.

32.       The aforementioned doctors and advanced registered nurse practitioners breach their duty to EILEEN MARES by one or more of the following acts or failures to act:

a.  Failing to timely perform a Cesarean section to deliver EILEEN MARES;

b.  Failing to properly monitor EILEEN MARES fetal monitor strips and failing to timely acknowledge that she was suffering from umbilical cord prolapse;

c.  Failing to properly advise the medical doctors as to EILEEN MARES' condition;

d.  Failing to properly alleviate the pressure on EILEEN MARES' umbilical cord causing sustained and prolonged bradycardia; and

e.  Failing to act as a reasonable medical provider under the circumstances.

33.     As a direct and proximate result of the negligence of the medical providers named above, the Plaintiffs make the below listed claims for damages.

## CLAIMS FOR DAMAGES FOR ALL COUNTS

34.     As a direct and proximate result of the negligence of the Defendant which caused the injuries of EILEEN MARES, VALENTIN MARES and YURIDA CHAVEZ, individually, and as parents and guardians of the minor child, EILEEN MARES, set forth the below listed claims on behalf of themselves individually and EILEEN MARES.

## CLAIM OF EILEEN MARES

35. Plaintiff EILEEN MARES, as a direct and proximate result of the negligence of the Defendant as set forth above, has in the past and will in the future continue to suffer the following damages:

a.   Bodily injury;

b.   Pain and suffering;

c.   Disability;

d.   Disfigurement;

e.   Loss of the capacity for the enjoyment of life;

f.   Aggravation of pre-existing conditions;

g.   Medical and hospital care and expenses;

h.   Loss of earnings;

i.   Loss of earning capacity in the future;

j.   Rehabilitation expenses; and

k.   Mental distress.

### CLAIM OF VALENTIN MARES AS PARENT/GUARDIAN OF EILEEN MARES

36.     As a direct and proximate result of the negligent conduct of the Defendants that caused injury to EILEEN MARES, VALENTIN MARES has, in the past, and will in the future, continue to suffer the loss of  his child's companionship, society, love and affection, the medical expenses in the past and in the future that have and will be incurred for the injuries to EILEEN MARES, economic loss including any earnings lost in the past and any loss of ability to earn money in the future reasonably resulting from the need to care or provide for the EILEEN MARES because of his injury and the loss of services, earnings or earning ability of his child in the past and in the future until the child reaches the legal age of majority for a disabled child (22 years of age).

### CLAIM OF YURIDA CHAVEZ, AS PARENT/GUARDIAN OF EILEEN MARES

37.     As a direct and proximate result of the negligent conduct of the Defendants that caused injury to EILEEN MARES, YURIDA CHAVEZ has, in the past, and will in the future, continue to suffer the loss of  her child's companionship, society, love and affection, the medical expenses in the past and in the future that have and will be incurred for the injuries to EILEEN MARES, economic loss including any earnings lost in the past and any loss of ability to earn money in the future reasonably resulting from the need to care or provide for EILEEN MARES because of his injury and the loss of services, earnings or earning ability of her child in the past and in the future until the child reaches the legal age of majority for a disabled child (22 years of age).

Mares v. USA
Complaint For Damages Under The Federal Tort Claims Act
Page **9** of **9**

WHEREFORE, the Plaintiffs demand judgment against the Defendant for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, as well as any other damages and/or costs available by law.

DATED, this __6th__ day of July, 2017.

Respectfully submitted
**DAVID J. HALBERG, P.A.**
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, FL  33401
PH:  (561) 616-3000
FAX:  (561) 688-0775
Service Email: Service@HalbergLaw.com

*/s/ Ryan A. Fogg*
By_____
Ryan A. Fogg (68773)
David J. Halberg (162450)

# DAVID J. HALBERG, P.A.

### A T T O R N E Y S   A T   L A W

BARRISTERS BUILDING
1615 FORUM PLACE, SUITE 3-B
WEST PALM BEACH, FLORIDA 33401
TOLL-FREE 877-HALBERG
TELEPHONE (561) 616-3000
FAX (561) 688-0775

Monday, May 08, 2017

**Sent Via FedEx #8085 1301 4713**
The General Counsel
Department of Health and Human Services
Office of the General Counsel
Hubert H. Humphrey Building, Room 722A
200 Independence Avenue, SW
Washington, DC 20201

Re:     **Eileen Mares (a Minor), Valentine Mares
(Father) and Yuridia Chavez (Mother)**

Dear Sir/Madam,

Our firm has been retained by VALENTINE MARES and YURIDIA CHAVEZ to represent them in connection with a medical malpractice lawsuit arising from the birth of their daughter EILEEN MARES.  Please accept this letter as our compliance with the notice requirement of the Federal Tort Claims Act.

YURIDA CHAVEZ was a 25 year old female who presented to Jackson South Community Hospital in the morning of August 30, 2014, at 40 weeks gestation with contractions and labor pains and whose prenatal history was unremarkable.

At 5:35 p.m. YURIDA CHAVEZ's membranes were ruptured and within minutes, the fetal tracings (based on the fetal monitor strips) showed signs of a cord prolapse pattern.  Despite these tracings, according to the fetal monitor strips, the cord prolapse was not noted by the health care providers until they checked her approximately 10 minutes later.   Appropriate care was not provided to YURIDA CHAVEZ and EILEEN MARES (baby) to prevent the cord from crushing or collapsing.

Furthermore, during the course of labor and delivery, EILEEN MARES demonstrated sustained bradycardia in the 60s and 70s as demonstrated in the fetal monitor strips lasting approximately 30 minutes.  No further action was taken by the healthcare providers rending care and treatment to EILEEN MARES to remedy her fetal bradycardia.  These failures resulted in a hypoxic injury to EILEEN MARES.

**Plaintiffs'
Exhibit "A"**

May 8, 2017
Page **2** of **2**

        EILEEN MARES has suffered and continues to suffer in the future severe cognitive damage resulting from hypoxic injury, hypoxic ischemic encephalopathy, feeding disorder, infantile spasms, acute respiratory failure, cerebral palsy, necessity for G-Tube placement, seizure disorder, developmental delay, blindness, hearing loss, pain and suffering, disfigurement, loss of earnings in the future, mental anguish.

        Enclosed are the original Form 95's for EILEEN MARES, VALENTINE MARES, and YURIDIA CHAVEZ, together with supporting documentation regarding the claims.  Thank you for ensuring that this claim is acknowledged by agency attorneys, and processed in accordance with the administrative procedures of the Federal Tort Claims Act. If there is any deficiency in the forms or the presentation of this claim, please contact my office immediately so that same can be rectified.


                              Very truly yours,

                              */s/ David J. Halberg*

                              DAVID J. HALBERG, ESQ.
                              For the Firm
                              *(Signed in David J. Halberg, Esq.'s Absence to*
                              *Avoid Delay.)*


DJH/RAF/mlg
Enclosures


cc:    Office of General Counsel                    **Via FedEx #8085 1301 4746**
       The Department of Health and Human Services
       330 C Street, S.W., Switzer Building
       Suite 2600
       Washington, DC 20201

       Jeffrey S. Davis, General Counsel            **Via FedEx #8085 1301 4735**
       200 Independence Ave., S.W., Room 713-F
       Washington, D.C. 20201

       Dana Petti, Chief Counsel Florida Regional Office  **Via FedEx #8085 1301 4757**
       Sam Nunn Atlanta Federal Center
       61 Forsyth St., S.W., Suite 5M60
       Atlanta, GA 30303-8909

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| The Department of Health & Human Svs. 330 C St.; S.W. Switzer Bldg, Suite 2600 Washington, D.C. 20201 | Eileen Mares, A minor 19363 SW 378th Terrace Florida City, FL 33034 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 8/30 | Single | 8/30/2014 | 5:30 P.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

This is a medical malpractice claim. The doctors and ARNPs of Community Health of South Florida, Inc. failed to adequately and timely provide medical treatment to Yuridia Chavez during the birth of Eileen Mares which caused severe cognitive injuries as a result of hypoxic injury to Eileen Mares (a minor). Yuridia Chaves sustained a placenta cord prolapse during labor and appropriate actions were not taken (SEE ATTACHED)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Severe cognitive damage resulting from hypoxic injury, hypoxic ischemic encephalopathy, feeding disorder, infantile spasms, acute respiratory failure, cerebral palsy, necessity for G-tube placement, seizure disorder, developmental delay, blindness, hearing → (SEE ATTACHED)

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| ⒜ THE MEDICAL PROVIDERS AT JACKSON SOUTH COMMUNITY HOSPITAL; AND (SEE ATTACHED) | JACKSON SOUTH COMMUNITY HOSPITAL 9333 SW 152nd ST, MIAMI, FL 33176 (SEE ATTACHED) | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| ☒ | $50,000,000.00 | | $50,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Yuridia Chavez | | 5/5/2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:*  The information requested is to be used in evaluating claims.
C. *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

CLAIM FOR DAMAGE, INJURY OR DEATH
RE: EILEEN MARES, A MINOR

**8 - (CONTINUED)**

... BY HER DOCTORS AND ARNPs TO PREVENT INJURY TO EILEEN MARES. THIS OCCURRED AT JACKSON SOUTH COMMUNITY HOSPITAL IN MIAMI, FLORIDA. NEGLENT CARE WAS PROVIDED BY DR. MOLRINE TRACEY, LAUREL MCDONALD, ARNP, AND POSSIBLY OTHER UNKNOWN COMMUNITY HEALTH OF SOUTH FLORIDA, INC. EMPLOYEES.

**10 (CONTINUED)**

... LOSS, PAIN AND SUFFERING, DISFIGUREMENT, LOSS OF EARNINGS IN THE FUTURE, MENTAL ANGUISH.

**11 (CONTINUED)**

(B) THE MEDICAL PROVIDERS
AT COMMUNITY HEALTH
OF SOUTH FLORIDA, INC.

10300 SW 216th ST
MIAMI, FL 33190

(C) PARENTS OF EILEEN MARES
YURIDIA CHAVEZ
VALENTINE MARES

19363 SW 378TH TERRACE
FLORIDA CITY, FL 33034

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| THE DEPARTMENT OF HEALTH AND HUMAN SUS. 330 C ST, S.W. SWITZER BLDG, SUITE 2600 WASHINGTON, D.C. 20201 | VALENTINE MARES 19363 S.W. 378th TERRACE FLORIDA CITY, FL 33034 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 2/14 | MARRIED | 8/30/2014 | 5:30 P.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

LOSS OF PARENTAL CONSORTIUM BASED ON INJURIES TO MINOR CHILD. THE DOCTORS AND ARNPS OF COMMUNITY HEALTH OF SOUTH FLORIDA, INC FAILED TO ADEQUATELY AND TIMELY PROVIDE MEDICAL TREATMENT TO YURIDIA CHAVEZ DURING THE BIRTH OF EILEEN MARES WHICH CAUSED SEVERE COGNITIVE INJURIES AS A RESULT OF HYPOXIC INJURY TO EILEEN MARES, A MINOR. THIS OCCURRED AT JACKSON SOUTH COMMUNITY HOSPITAL IN MIAMI FL. (SEE ATTACHED)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

LOSS OF PARENTAL CONSORTIUM BASED ON INJURIES TO MINOR CHILD, PAIN AND SUFFERING, DISFIGUREMENT, LOSS OF EARNINGS IN THE FUTURE, MENTAL ANGUISH.

| 11. | WITNESSES |
|---|---|
| **NAME** | **ADDRESS (Number, Street, City, State, and Zip Code)** |
| THE MEDICAL PROVIDERS AT JACKSON SOUTH COMMUNITY HOSPITAL (SEE ATTACHED) | 933 SW 152ND St. MIAMI, FL 33176 (SEE ATTACHED) |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| ∅ | $50,000,000.00 | | $50,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | | 5/5/2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

| INSTRUCTIONS |
|---|

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

| PRIVACY ACT NOTICE |
|---|

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority*:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose*:  The information requested is to be used in evaluating claims.
C.  *Routine Use*:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond*:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

| PAPERWORK REDUCTION ACT NOTICE |
|---|

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

CLAIM FOR DAMAGE, INJURY
OR DEATH
RE: VALENTINE MARES

#8 (CONTINUED)

... YURIDIA CHAVEZ SUSTAINED A PLECENTA CORD
PROLAPSE DURING LABOR AND APPROPRIATE ACTIONS
WERE NOT TAKEN BY HER DOCTORS AND ARNPs to
PREVENT INJURY TO EILEEN MARES. NEGIGENT CARE
WAS PROVIDED BY DR. MOLRINE TRACEY, LAUREL
MCDONALD, ARNP, AND POSSIBLY OTHER UNKNOWN
COMMUNITY HEANTH OF SOUTH FLORIDA, INC
EMPLOYEES.

#11 (CONTINUED)

...

(B) THE MEDICAL PROVIDERS of
COMMUNITY HEALTH of          10300 SW 216th St.
SOUTH FLORIDA, INC           MIAMI, FL 33190

(C) THE PARENTS OF EILEEN MARES

YURIDIA CHAVEZ               19363 SW 378th TERRACE
VALENTINE MARES             FLORIDA CITY, FL 33034

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**

THE DEPARTMENT OF HEALTH AND HUMAN SYS.
330 C ST, SW.
SWITZER BLDG, SUITE 2600
WASHINGTON, DR, 20201

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

YURIDIA CHAVEZ
19363 SW 378th TERRACE
FLORIDA CITY, FL 33034

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☑ CIVILIAN | 2/23 | MARRIED | 8/30/2014 | 5:30 P.M. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

LOSS OF PARENTAL CONSORTIUM BASED ON INJURIES TO MINOR CHILD. THE DOCTORS AND ARNPs OF COMMUNITY HEALTH OF SOUTH FLORIDA, INC FAILED TO ADEQUATELY AND TIMELY PROVIDE MEDICAL TREATMENT TO YURIDIA CHAVEZ DURING THE BIRTH OF EILEEN MARES WHICH CAUSED SEVERE COGNITIVE INJURIES AS A RESULT OF HYPOXIC INJURY TO EILEEN MARES, A MINOR. YURIDIA CHAVEZ SUSTAINED A PLACENTA CORD PROLAPSE DURING (SEE ATTACHED)

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

LOSS OF PARENTAL CONSORTIUM BASED ON INJURIES TO MINOR CHILD, PAIN AND SUFFERING, DISFIGUREMENT, LOSS OF EARNINGS IN THE FUTURE, MENTAL ANGUISH.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Ⓐ THE MEDICAL PROVIDERS AT JACKSON SOUTH COMMUNITY HOSPITAL (SEE ATTACHED) | 9333 SW 152nd St. MIAMI, FL 33176 (SEE ATTACHED) |

**12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| ☒ | $50,000,000.00 | | $50,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Yuridia Chavez | | 5/5/2017 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

---

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

---

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

---

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

CLAIM FOR DAMAGE, INJURY OR DEATH
RE: YURIDIA CHAVEZ

#8 (CONTINUED)

... LABOR AND APPROPRIATE ACTIONS WERE NOT TAKEN
BY HER DOCTORS AND ARNPs TO PREVENT INJURY TO
EILEEN MARES. THIS OCCURRED AT JACKSON SOUTH
COMMUNITY HOSPITAL IN MIAMI, FLORIDA. NEGLIGENT
CARE WAS PROVIDED by DR. MOLRINE TRACEY, LAUREL
MC DONALD, ARNP. AND POSSIBLY OTHER UNKNOWN
COMMUNITY HEALTH OF SOUTH FLORIDA, INC. EMPLOYEES.

#11 (CONTINUED)

Ⓑ THE MEDICAL PROVIDERS OF        10300 SW 216ᵗʰ St.
   COMMUNITY HEALTH OF             MIAMI, FL 33190
   SOUTH FLORIDA, INC

Ⓓ THE PARENTS OF EILEEN MARES
   YURIDIA CHAVEZ                  19363 SW 378ᵗʰ TERRACE
   VALENTINE MARES                 FLORIDA CITY, FL 33034

FedEx

Shipping   Tracking   Manage   Learn   FedEx Office ®

My Profile | Support | Locations | 🇺🇸 English

Search or tracking number

Login

## Delivered

| Tracking No.or Nickname | Shipper city, state | Origin Terminal | Ship date | Status | Recipient city, state | Delivery date |
|---|---|---|---|---|---|---|
| 808513014713 | WEST PALM BEACH, FL | RIVIERA BEACH, FL | 5/08/2017 | | DC | 5/09/2017 10:40 am |
| 808513014746 | WEST PALM BEACH, FL | RIVIERA BEACH, FL | 5/08/2017 | | DC | 5/09/2017 10:40 am |
| 808513014757 | WEST PALM BEACH, FL | RIVIERA BEACH, FL | 5/08/2017 | | GA | 5/09/2017 9:32 am |
| 808513014735 | WEST PALM BEACH, FL | RIVIERA BEACH, FL | 5/08/2017 | | DC | 5/09/2017 10:40 am |

Launch FedEx Tracking

FedEx

Search or tracking number

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support

**Company Information**
About FedEx
Careers
Investor Relations
Subscribe to FedEx email

**Featured Services**
FedEx Delivery Manager
FedEx SameDay
FedEx Home Delivery
FedEx TechConnect
FedEx HealthCare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
FedEx Compatible
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx Cross Border
FedEx Supply Chain

**Follow FedEx**

🇺🇸 United States - English

© FedEx 1995-2017

Careers | Global Home | Site Map | fedex.com Terms of Use | Security and P

Ask FedEx

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

OFFICE OF THE GENERAL COUNSEL
General Law Division, CELB

330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201

MAY **3 0** 2017

**CERTIFIED - RETURN**
**RECEIPT REQUESTED**

David J. Halberg, Esquire
David J. Halberg, P.A.
Barristers Building
1615 Forum Place, Suite 3-B
West Palm Beach, Florida 33401

    RE:     **Administrative claims of:**  **Valentine Mares and Yuridia**
                **Chavez, individually, and Valentine Mares and Yuridia**
                **Chavez, for Eileen Mares, a minor**
                **2017-0350, 0351 and 0352**

Dear Mr. Halberg:

On May 9, 2017, you filed three administrative tort claims under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2401(b), 2671-2680,
on behalf of your clients, Valentine Mares and Yuridia Chavez,
individually, and for their minor daughter, Eileen Mares, alleging, *inter
alia,* that as the result of negligent labor and delivery care rendered to
Yuridia Chavez on August 30, 2014, by employees at the Community Health of
South Florida, Inc., in Miami, Florida, Eileen Mares sustained severe
personal injuries, including hypoxic ischemic encephalopathy and cerebral
palsy.

The FTCA authorizes the settlement of any claim of money damages against
the United States for, *inter alia,* injury or death caused by the
negligent, or wrongful, act or omission of any employee of the Federal
Government, while acting within the scope of employment. Under the FTCA,
said act or omission must be such that the United States, if a private
person, would be liable to the claimant in accordance with the law of the
place where the act or omission occurred. 28 U.S.C. § 2672. A tort claim
against the United States must be presented in writing to the appropriate
federal agency within two years after such claim accrues or be forever
barred. See 28 U.S.C. § 2401(b). In addition, a claim shall be deemed to
have been presented on the date that the federal agency receives it. See
28 C.F.R. § 14.2(a).

This letter constitutes the notice of final determination on these claims,
as required by 28 U.S.C. §§ 2401(b),2675(a). The administrative tort
claims are denied. Your clients' claims were received on May 9, 2017,
past the two year statute of limitations.

**Plaintiffs'**
**Exhibit "B"**

David J. Halberg, Esquire
2017-0350, 0351 & 0352
Page 2

If your clients are dissatisfied with this determination, they may:

1. file a written request with the agency for reconsideration of the
   final determination denying the claims within six (6) months from
   the date of mailing of this determination (28 C.F.R. § 14.9); or,

2. file suit against the United States in the appropriate federal
   district court within six (6) months from the date of mailing of
   this determination (28 U.S.C. § 2401(b)).

In the event your clients request reconsideration, the agency will review
the claims within six (6) months from the date the request is received.
If the reconsidered claims are denied, your clients' may file suit within
six (6) months from the date of mailing of the final determination.

Sincerely,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch